IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

THOMAS E. NIXON,

    Plaintiff,

v.                                              CIVIL ACTION NO. 3:08-1270

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

## MEMORANDUM ORDER

        In this action, filed under the provisions of 42 U.S.C. § 405(g), plaintiff seeks review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits. The case is presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

        Plaintiff filed his application on October 28, 2004, alleging disability commencing December 31, 1990[1] as a consequence of hearing loss in both ears, fibromyalgia and upper back compression. On appeal from an initial and reconsidered denial, an administrative law judge, after hearing, found plaintiff not disabled in a decision which became the final decision of the Commissioner when the Appeals Council denied a request for review. Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

---

      [1]Plaintiff's insured status expired on December 31, 1992, and it was incumbent upon him to establish disability on or before that date. <u>Harrah</u> v. <u>Richardson</u>, 446 F.2d 1, 2 (4th Cir. 1971).

At the time his insured status expired, plaintiff was forty-eight years of age and had obtained a high school education. He has no past relevant employment experience. In his decision, the administrative law judge determined that, during the relevant period, plaintiff suffered from degenerative disc disease of the lumbar spine and unspecified anxiety and depressive disorders, impairments which he considered severe. Concluding that, between December 31, 1990 and December 31, 1992, plaintiff had the residual functional capacity for a limited range of light level work, and relying on Rule 202.13 of the Medical-Vocational Guidelines[2] and the testimony of a vocational expert, the administrative law judge found him not disabled.

Plaintiff objects to the Commissioner's decision on several grounds. First, he argues that the administrative law judge erroneously found his testimony less than fully credible. The regulations describe a two-step process for evaluating symptoms. The administrative law judge must first consider whether there is an underlying medically determinable physical or mental impairment that could reasonably be expected to produce the claimant's pain or other symptoms.[3] If such an impairment is established, the administrative law judge must then evaluate the intensity, persistence and limiting effects of the symptoms to determine the extent to which they restrict the claimant's ability to do basic work activities.[4] While objective medical evidence may be "crucial" to an evaluation of the intensity and persistence of pain and the alleged limitations, a claimant's statements about his pain may not be discredited "solely because they are not substantiated by objective

---

[2] 20 C.F.R. Pt. 404, Subpart P, App. 2, Table No. 2

[3] See 20 C.F.R. § 404.1529; SSR 96-7p; Craig v. Chater, 76 F.3d 585, 592-96 (4th Cir. 1996).

[4] Id.

evidence of the pain itself or its severity ..."[5] Conversely, however, such statements "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence ... ."[6]

Examination of the record in this case establishes that the administrative law judge, after first finding that the evidence did establish impairments that could reasonably cause the pain plaintiff claimed, properly assessed his credibility, concluding that his statements concerning the intensity, duration and limiting effects of his symptoms were "less than good." The administrative law judge made this credibility determination after having the opportunity to observe plaintiff at the hearing and after considering the relevant factors in SSR 96-7p and 20 C.F.R. § 404.1529(c)(3).[7] In considering these factors, he noted that, despite plaintiff's testimony of significant pain and limitation due to upper back and chest pain during the relevant period, several hospitalizations in 1990 failed to reveal a cardiac cause, and x-rays of the right shoulder and chest were considered normal.

The administrative law judge noted that, although plaintiff suffered a low back injury in July 1991 with an MRI reflecting a disc herniation at the L4-5 level, this condition responded to conservative treatment, and following physical therapy, his treating orthopedic surgeon concluded at an August 29, 1991 evaluation that he had "done real well" and exam was "essentially normal"

---

[5] See Craig v. Chater at 595.

[6] Id. See also, 20 C.F.R. 404.1529(c)(4).

[7] The factors include: (1) the extent of claimant's daily activities; (2) location, duration, frequency and intensity of symptoms; (3) precipitating and aggravating factors; (4) type, dosage, effectiveness, and side effects of medication; (5) treatment other than medication; (6) any measures other than treatment used to relieve pain; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms.

with good mobility and strength and negative straight leg raising. Plaintiff also received some chiropractic treatment beginning in April of 1992 for this condition, although the provider's notes are not very revealing.

Additionally, the administrative law judge pointed out that there were contradictions between plaintiff's testimony and what the evidence showed. For instance, plaintiff stated that a doctor had told him his back was just worn out and that he was afraid to do surgery; however, the administrative law judge observed the medical evidence showed plaintiff was actually told he did not have a condition requiring surgical correction. Plaintiff also stated he gave up hunting and fishing due to his medical problems; however, as the administrative law judge observed, the record shows he was deer hunting in December 1992 and thereafter.[8]

Based on the foregoing, it is apparent the administrative law judge applied appropriate methodology in considering plaintiff's credibility, and his findings are well-supported by the evidence.

Plaintiff also asserts the administrative law judge did not give enough weight to the opinions of his treating physicians. An opinion to which he refers is from Rodney Thompson, the chiropractor who treated him on 24 occasions, by his count, during the relevant period. This source completed residual functional capacity assessments in November 1995 and August 2006 in which he assessed plaintiff as limited to less than sedentary level work. In February 2002, he wrote a brief statement

---

[8]The medical evidence reflects plaintiff was seen on December 21, 1992 for an eye injury which occurred in a hotel room when his gun discharged as he was preparing to go deer hunting at night. Reports also reflect he went hunting again in 1993 and again in November 1994. As noted, reports also show plaintiff was engaged in woodworking during the relevant time.

containing his opinion that plaintiff was disabled before December 1992.[9] The administrative law judge, observing that treatment notes during the relevant period did not show any findings of radiculopathy, neurological deficits or muscle weakness, concluded there simply was no support for the extreme limitations found by Dr. Thompson, and his assessments were entitled to "little weight." This determination is clearly supported by substantial evidence.

The administrative law judge similarly considered opinions and assessments from Dr. Jose Ricard, plaintiff's primary care physician, but also declined to give them controlling weight. On May 4, 2005, Dr. Ricard opined plaintiff "has been unable to maintain gainful employment due to his multiple illnesses," which he indicated date back to 1990. This physician also completed assessments of plaintiff's mental and physical residual functional capacity on March 18, 2004. Mentally, he found marked limitations in most areas having to do with relating to and interacting with co-workers and adapting to changes in the work environment. These limitations were noted to be due to severe anxiety and panic attacks causing inability to function around co-workers.

The administrative law judge observed that these extreme limitations were not supported by the medical evidence during the period considered here. Dr. Ricard's reports show some complaints of nervousness but nothing corresponding to the severe limitations he assessed. Plaintiff was also seen by Dr. Subhash Kumar during this time and was prescribed anti-anxiety medication on April 2, 1991, which considerably improved his symptoms within two weeks. Plaintiff followed with Dr. Kumar very sporadically and subsequently quit taking his medication resulting in an increase in symptoms by April of 1992. In December 1992, plaintiff reported having some panic attacks as well

---

[9]This opinion is unaccompanied by any medical findings or explanation and is directed to an issue which is within the Commissioner's authority to determine. See 20 C.F.R. § 404.1527(e).

as being under a lot of stress. Dr. Kumar noted plaintiff's report that he had seen a psychiatrist for six years[10] and recommended he see one, but plaintiff said he did not feel like doing this again.

Physically, Dr. Ricard assessed limitations so extreme plaintiff could not have worked an eight-hour day. As the administrative law judge found, the medical reports relative to the condition of plaintiff's upper and lower back and mental status do not support his opinions, and they were also given "little weight." The administrative law judge's findings as to the weight accorded to these physicians' opinions and assessments are clearly supported by the evidence. So too is his conclusion that greater weight should be given assessments from Dr. Balk, who reviewed the evidence and gave an expert medical opinion as to plaintiff's physical condition and related work limitations, and Dr. Fremont, who did the same as to the mental aspects of the case.

Finally, plaintiff contends the administrative law judge failed to properly consider the combined effect of his impairments. The regulations at 20 C.F.R. § 404.923 provide that Commissioner "will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." The regulation goes on to state that if a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the entire disability determination process. A review of the hearing decision reveals that the administrative law judge undertook "[a] review of all of the claimant's impairments in combination, including those deemed 'not severe,'" and determined they did not equal any listed impairment. It is also apparent he

---

[10] It is not clear when plaintiff received this treatment as there is no indication of mental health treatment anywhere in the voluminous record.

considered plaintiff's combined impairments when assessing his residual functional capacity. Clearly, this contention is lacking in support.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, the weight given various medical opinions and the assessment of plaintiff's credibility are supported by substantial evidence. Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

        ENTER: March 30, 2010

        _____
        MAURICE G. TAYLOR, JR.
        UNITED STATES MAGISTRATE JUDGE